UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LUTHER LOPEZ and CATHERINE ADAMS,  :
Individually, and on behalf of all others similarly :
situated,                                                       :
      Plaintiffs,            : 11 Civ. 1719 (AKH)
                             :
  -against-                                     :
                             :
CREATIVE ARTS ENTERPRISES, INC. and       : ECF Case
ELLEN FORMAN,                                    :
                             :
      Defendants.            :
-------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO DISMISS

BERKE-WEISS & PECHMAN LLP
488 Madison Avenue
New York, New York 10022
(212) 583-9500

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT ........................................................................................................................ 4

POINT I

    PLAINTIFFS' CLAIMS UNDER THE FLSA SHOULD BE
    DISMISSED BECAUSE THEIR EMPLOYMENT WITH
    DEFENDANTS IS NOT COVERED BY THE FLSA ........................................ 4

        A.    Creative Arts Is Not An Enterprise Engaged in Commerce
             Subject to FLSA Coverage ......................................................................... 4

        B.    Plaintiffs Are Not Individuals Engaged In Commerce
             Subject to FLSA Coverage......................................................................... 4

POINT II

    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED AS MOOT ....................... 7

CONCLUSION ................................................................................................................... 10

## UNDER SEPARATE COVER

AFFIDAVIT OF ELLEN FORMAN

    EXHIBIT A  (Amended Complaint)

    EXHIBIT B (Copy of Creative Arts' 2009 Tax Return)

    EXHIBIT C (Copy of Rule 68 Offer of Judgment)

LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

## TABLE OF AUTHORITIES

### CASES

*Abrams v. Interco Inc.*,
719 F.2d 23 (2d Cir. 1983)..................................................................................................7

*Boekemeier v. Fourth Universalist Soc'y in the City of New York*,
86 F. Supp. 2d 280 (S.D.N.Y. 2000) ...................................................................................5

*Bowrin v. Catholic Guardian Society*,
417 F. Supp. 2d 449 (S.D.N.Y. 2006) .............................................................................4, 5

*Day An Zhang v. L.G. Apparel, Inc.*,
2011 U.S. Dist. LEXIS 26816 (E.D.N.Y. Feb. 18, 2011) ...................................................6

*Lamont v. Frank Soup Bowl, Inc.*,
2001 U.S. Dist. LEXIS 62892 (S.D.N.Y. May 15, 2001)................................................4, 5

*Locke v. St. Augustine's Episcopal Church*,
690 F. Supp. 2d 77 (E.D.N.Y. 2010) ...................................................................................4

*Nowak v. Ironworkers Local 6 Pension Fund*,
81 F.3d 1182, 1187 (2d Cir. 1996) ......................................................................................7

*Remmers v. Egor*,
332 F.2d 103, 104 (2d Cir. 1964) ........................................................................................5

*Shim v. Millennium Group*,
No. 08-CV-4022, 2009 U.S. Dist. LEXIS 6014 (E.D.N.Y. Jan. 28, 2009)..................................6

*Sobrinio v. Medical Center Visitor's Lodge, Inc.*,
474 F.3d 828 (5th Cir. 2007)................................................................................................5

*Ward v. Bank of New York*,
455 F. Supp. 2d 262 (S.D.N.Y. 2006) .............................................................................7, 8

### STATUTES

29 U.S.C. § 203(s)(1)(A)................................................................................................................4

Louis Pechman, Esq.
Jessica Tischler, Esq.
Berke-Weiss & Pechman LLP
488 Madison Avenue
New York, New York 10022
(212) 583-9500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LUTHER LOPEZ and CATHERINE ADAMS, : 11 Civ. 1719 (AKH)
Individually, and on behalf of all others similarly :
situated, : MEMORANDUM OF LAW
         Plaintiffs, : IN SUPPORT OF
: DEFENDANTS' MOTION
    -against- : FOR SUMMARY
: JUDGMENT AND TO
CREATIVE ARTS ENTERPRISES, INC. and : DISMISS
ELLEN FORMAN, :
: ECF Case
         Defendants. :
---------------------------------------------------------------X

Pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, defendants Creative Arts Enterprises, Inc. and Ellen Forman submit this Memorandum of Law in support of their Motion for Summary Judgment and to Dismiss the claims of plaintiffs Luther Lopez and Catherine Adams and opt-in plaintiffs Herbert Washington and Edwin Atherton (collectively, "plaintiffs").

## PRELIMINARY STATEMENT

Plaintiffs are former employees of Creative Arts Enterprises, Inc. ("Creative Arts"), a New York C-corporation engaged in the sale of balloons and balloon-a-grams and the rental of helium tanks. Defendant Ellen Forman ("Forman") is the President of Creative Arts. Plaintiffs filed an Amended Complaint, dated April 18, 2011, asserting class and collective claims for minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law

1

("NYLL"), § 190, *et seq*. A copy of the Amended Complaint is attached as Exhibit A to the Affidavit of Ellen Forman ("Forman Aff.").

Now, defendants move for summary judgment on plaintiffs' FLSA claims pursuant to Fed. R. Civ. P. 56 because defendants are not an enterprise engaged in interstate commerce under the FLSA because Creative Arts does not do more than $500,000 in gross annual sales. Plaintiffs are not individuals engaged in commerce entitled to coverage under the FLSA because they did not engage in the transport or production of goods in interstate commerce. Defendants also move to dismiss plaintiffs' claims under the FLSA and NYLL because these claims have been rendered moot by defendants' Offer of Judgment, made pursuant to Fed. R. Civ. P. Rule 68.

## STATEMENT OF FACTS

Defendant Creative Arts Enterprises, Inc. ("Creative Arts") is a New York corporation engaged in the sale of balloons and balloon-a-grams. Forman Aff., ¶ 1.

Creative Arts is a small company. Up until July 2010, it leased a one thousand square foot retail location at 212 West 17th Street, New York, New York. In July 2010, the company downsized to a five hundred square foot location at 236 West 15th Street, New York, New York. Forman Aff., ¶ 3.

During the period of plaintiffs' employment, Creative Arts' gross annual revenues never exceeded $500,000. Forman Aff., ¶ 4. For example, in 2009 Creative Arts had gross receipts and sales of only $347,090. *Id.*, Exhibit B. Creative Arts had similarly low annual gross receipts or sales during all other years of plaintiffs' employment. Forman Aff., ¶ 4.

Plaintiffs were responsible for inflating balloons and delivering balloons in New York State, principally in Manhattan. Forman Aff., ¶ 5. None of the plaintiffs ever delivered balloons to locations outside of New York State. Forman Aff., ¶ 6. Although

2

Creative Arts does offer its customers the option of nationwide delivery, defendants contract with outside local vendors to handle any out of state deliveries that may arise. *Id.*

Plaintiffs were not ever responsible for processing credit card payments or payments from sources from outside of New York. Forman Aff., ¶ 7.

Plaintiffs, as well as all other employees at Creative Arts, are required to punch a time clock. Forman Aff., ¶ 8. Hours and pay are documented and signed for by employees each week and records are kept of all hours worked. Forman Aff., ¶ 9. Plaintiffs' attorney has been provided with copies of plaintiffs' time cards. *Id.*

These records demonstrate that plaintiffs worked no overtime. Forman Aff., ¶ 10. To the contrary, plaintiffs were part-time employees. *Id.* Only one of the plaintiffs arguably worked one week in which he incurred one hour of overtime. *Id.*

On June 29, 2011, plaintiffs were served with an Offer of Judgment pursuant to Fed. R. Civ. P. Rule 68 (the "Rule 68 Offer") in the amount of $3,000 plus costs and attorneys' fees incurred prior to the offer, in an amount to be determined by the Court. Forman Aff., ¶ 11. A copy of the Rule 68 Offer of Judgment is attached to the Forman Affidavit as Exhibit C. The Rule 68 Offer provided for a judgment in an amount that was several multiples of any possible recovery that plaintiffs could receive in this lawsuit. Forman Aff., ¶ 12. The amount of the Rule 68 Offer was reached by calculating the amount of any arguably improper deductions claimed by plaintiffs and adding the time for any unpaid lunch breaks. A significant amount was then added to that number and the whole amount was doubled. For Luther Lopez, the amount of damages that he had requested in a state court lawsuit he had filed in December 2010, making similar claims, was doubled. This calculation should exceed by far any award plaintiffs could possibly attain at trial. *Id.*

3

ARGUMENT

POINT I

PLAINTIFFS' CLAIMS UNDER THE FLSA SHOULD BE
DISMISSED BECAUSE THEIR EMPLOYMENT WITH
DEFENDANTS IS NOT COVERED BY THE FLSA

To be covered by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), an employee must (1) be employed by an "enterprise" which is "engaged in commerce or in the production of goods for commerce," or (2) be "engaged in commerce or in the production of goods for commerce." *Bowrin v. Catholic Guardian Society*, 417 F. Supp. 2d 449, 457 (S.D.N.Y. 2006). "The employee bears the burden of establishing the jurisdictional prerequisite of either enterprise or individual coverage." *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 84 (E.D.N.Y. 2010).

A.  **Creative Arts Is Not An Enterprise Engaged in Commerce Subject to FLSA Coverage**

Under the "enterprise" theory of FLSA coverage, an employer is an "enterprise engaged in commerce" only if it has "annual gross volume of sales made or business done" in excess of $500,000. 29 U.S.C. § 203(s)(1)(A). The enterprise theory is not applicable to this case because Creative Arts did not have an annual gross volume of sales of at least $500,000 during the relevant time period. *Lamont v. Frank Soup Bowl, Inc.*, 2001 U.S. Dist. LEXIS 62892, at *9 (S.D.N.Y. May 15, 2001). For the entire period of plaintiffs' employment with Creative Arts, Creative Arts has not even come close to grossing $500,000. Forman Aff., ¶ 4; Exhibit B.

B.  **Plaintiffs Are Not Individuals Engaged In Commerce Subject to FLSA Coverage**

Under the "individual" theory of FLSA coverage, "where an employee's interstate activities are *de minimis*, or not regular or recurring, as a practical matter neither courts nor the [Department of Labor] consider the employee covered under the

4

FLSA." *Bowrin*, 417 F. Supp. 2d at 466. "To be engaged in commerce, a substantial part of the employee's work must be related to interstate commerce." *Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp. 2d 280, 287 (S.D.N.Y. 2000) (internal quotation marks omitted) (citations omitted). *See also Sobrinio v. Medical Center Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (motel employee who acted as a janitor, security guard and driver for motel's out-of-town guests was not "engaged in interstate commerce" as his activities were "purely local in nature and fall outside the FLSA's protections.").

"The Second Circuit has held that sporadic or occasional shipments of insubstantial amounts of goods are insufficient to bring a party within the coverage of the FLSA." *Lamont v. Frank Soup Bowl, Inc.*, 2001 U.S. Dist. LEXIS 6289 (*citing Remmers v. Egor*, 332 F.2d 103, 104 (2d Cir. 1964)). In *Remmers*, the Second Circuit upheld a district court decision which determined that plaintiff was not an employee "engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA and therefore was not included within the coverage of the Act. The Second Circuit reasoned as follows:

> [T]he evidence revealed that during the period in question, Remmers was employed as a tool-and-die maker for Egor, at the latter's three-man shop on Long Island. The only testimony which pertained to the interstate character of ether Remmers' work or Egor's business simply established that once, in the entire two-year period, Remmers had wrapped a package or packages which were shipped to a company in Providence, Rhode Island, and that on another occasion, Egor himself had delivered a die in Massachusetts. These two isolated instances hardly constitutes a showing that "a substantial part" of Remmers' work was related to interstate commerce. *See Divins v. Hazeltine Electronics Corp.*, 163 F.2d 100 (2d Cir. 1947). As the Supreme Court indicated in *Mabee v. White Plains Pub. Co.*, 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607 (1946), "sporadic or occasional shipments of insubstantial amounts of goods" are insufficient to bring an employee within coverage of the act.

5

332 F.2d at 104.

More recently, Judge Block noted an Eastern District of New York case that individual coverage under the FLSA does not apply where "plaintiffs do not allege that they were *personally* 'performing work involving or related to the movement of persons or things ... between states.'" *Shim v. Millennium Group*, No. 08-CV-4022, 2009 U.S. Dist. LEXIS 6014, at *6 (E.D.N.Y. Jan. 28, 2009) (quotations omitted). The Court concluded:

> Although the complaint alleges that on one occasion, [plaintiffs] contacted a holistic medical practitioner from Korea and brought him to New York, 'isolated instances' of interstate activity do not trigger individual coverage under the FLSA.

*Id.* (citation omitted).

Moreover, Magistrate Judge Gold, noted "conclusory allegations, without any factual details addressing defendants' interstate activities, fail to establish that plaintiff was personally engaged in the production of goods for commerce." *Day An Zhang v. L.G. Apparel, Inc.*, 2011 U.S. Dist. LEXIS 26816, at *10 (E.D.N.Y. Feb. 18, 2011). Plaintiffs' bare conclusory allegation that "The Plaintiffs and all other similarly situated persons are drivers and laborers who are or were formerly employed by Creative Arts in New York or elsewhere" (Forman Aff., Ex. A, Amended Complaint, ¶ 17) does not and cannot establish that any of the plaintiffs were actually engaged in any interstate activities. Likewise, the conclusory allegation that defendants' "employees are engaged in commerce" (Forman Aff., Ex. A, Amended Complaint, ¶ 43) is insufficient to establish that plaintiffs themselves were engaged in interstate commerce.

To the contrary, it is undisputed that plaintiffs performed no work involving or related to the movement of persons or things between states. The plaintiffs' duties

entailed inflating balloons and delivering balloons to locations within New York State. Forman Aff., ¶ 5. Creative Arts does little business outside of New York, and none of the plaintiffs ever made deliveries to locations outside of New York. Forman Aff., ¶ 6. Defendants contracted with local vendors for delivery in locations outside New York. Forman Aff., ¶ 6. In addition, plaintiffs never processed payments from sources outside of New York, nor did plaintiffs ever process credit card payments. Forman Aff., ¶ 7.

## POINT II

## PLAINTIFFS' CLAIMS SHOULD BE DISMISSED AS MOOT

Even if this Court is to find that plaintiffs have asserted valid claims under the FLSA under either an enterprise or individual coverage theory, their claims should still be dismissed as moot because defendants have served plaintiffs with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, the value of which exceeds by many times the amount that plaintiffs could recover at trial should they succeed on their claims. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996).

Cases are held to be moot "[w]hen a defendant offers the maximum recovery available to a plaintiff...and 'there is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied.'" *Ward v. Bank of New York*, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006), quoting *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir. 1983). In FLSA collective action cases, "an offer of judgment moots an FLSA collective action where the offer satisfies all damages for all plaintiffs, plus all costs and attorneys' fees. This is true even where

7

plaintiff rejects the offer of judgment." *Ward*, 719 F.2d at 267 (citations omitted). Rule 68 offers can also moot class actions when, prior to class certification, the defendant offers to plaintiffs the maximum amount the plaintiffs could recover at trial. *Id.* at 268.

On June 29, 2011, defendants served a Rule 68 Offer of Judgment (the "Rule 68 Offer") on plaintiffs and the two individuals who have opted into this action since it was filed. The Rule 68 Offer, which was for a total of three thousand dollars ($3,000), plus costs and attorneys fees incurred prior to the Rule 68 Offer and to be determined by the Court, is far greater than the maximum plaintiffs would be able to recover should they prevail on their claims at trial. Prior to issuing the Rule 68 Offer, defendants provided copies of plaintiffs' time cards to plaintiffs' counsel. The time cards, which were stamped by plaintiffs at the start and end of their shifts, demonstrate that plaintiffs were primarily part-time employees. There was only one week wherein one of the plaintiffs may arguably have worked one hour of overtime.

## CONCLUSION

For the foregoing reasons, defendants are entitled to judgment finding that (1) plaintiffs are not covered by the FLSA under either the enterprise or individual theories of coverage; (2) plaintiffs' claims are rendered moot by defendants' Rule 68 Offer of Judgment; and (3) dismissing the Amended Complaint herein.

Dated: New York, New York
July 15, 2011

BERKE-WEISS & PECHMAN LLP

By: _____
Louis Pechman, Esq.
Jessica Tischler, Esq.
488 Madison Avenue, 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Defendants*

To: Neil H. Greenberg, Esq.
Justin Reilly, Esq.
Neil H. Greenberg & Associates P.C.
900 Merchants Concourse, Suite 314
Westbury, NY 11590
(516) 228-5100
*Attorneys for Plaintiffs*